THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMIL KOLLHOPP, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ

THE RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH OF EXALTATION OF HOLY CROSS OF ASTORIA, L. I., Respondent, v. MAXIM DZIOMBA and Others, Appellants.— Judgment reversed on the law and the facts, with costs, and judgment directed for the defendants, dismissing the complaint upon the merits, with costs. Findings of fact and conclusions of law contrary to this decision are reversed and new findings will be made. In our opinion, the note and confession of judgment in question were not in effect a mortgage of the church property and their execution and delivery was not an attempt to evade the provisions of the Religious Corporations Law, requiring the approval of the court. We are further of the opinion that the trustees who executed the note and confession were in fact, at that time, trustees of the plaintiff church and authorized to make the instruments in question, and that the note and confession were for a balance due the rector of the church for salary and expenses and were based upon a sufficient consideration. The findings of the trial court to the contrary are against the weight of evidence. Young, Kapper and Carswell, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to affirm. Settle order on notice.

THEODORE J. SERVISS, as Receiver of the Property of MICHAEL MICHAELSON, Appellant, v. SAMUEL HIRSH and ABRAHAM HIRSH, Respondents.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. In this action by a receiver in supplementary proceedings it appears that there was an obligation due from third parties to the judgment debtor maturing on December 1, 1932. While the defendants originally had an option to cancel the contract out of which this obligation arose and to return the property, with the correlative duty of the judgment debtor to return the purchase price, the defendants had rendered themselves unable to perform on their part under the option, and the obligation to pay became single. It was stipulated that the trial should be had without a jury and that no findings need be made; and we are, therefore, not informed as to the reasons for granting a dismissal of the complaint. We think, under these circumstances, a new trial must be had. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.